HOWARD C. MISKIN (HM7038)
GLORIA TSUI-YIP (GT9377)
WENDI OPPER UZAR (WO4547)
Attorneys for Plaintiff
ATOMIC PRODUCTS, LLC
Miskin & Tsui-Yip LLP
1350 Broadway, Suite 802
New York, New York  10018
(212) 268-0900

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------X

| | | |
|---|---|---|
| ATOMIC PRODUCTS, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 08 cv 04917 (PAC)(RLE) |
| - against - | : | ECF CASE |
| | : | |
| E&B GIFTWARE, LLC, WAL-MART | : | |
| STORES INC., WAL-MART.COM USA, | : | |
| LLC, ABC COMPANIES 1-10 and | : | |
| JOHN DOES A-G | : | |
| Defendants. | : | |

---------------------------------------------------X

## COMPLAINT

Plaintiff, Atomic Products, LLC (hereinafter "Atomic" or "Plaintiff") complains of the

defendant Wal-mart Stores Inc. (hereinafter "Wal-mart Stores"), Wal-mart.com USA, LLC

(hereinafter "Wal-mart USA") (collectively hereinafter "Walmart Parties"), E&B Giftware, LLC

(hereinafter "E&B"), ABC Companies 1-10 (hereinafter "ABC") and John Does A-G

(hereinafter 'Does') (collectively hereinafter "Defendants") as follows:

### JURISDICTION AND VENUE

1.      This action arises under the patent laws of the United States, 35 U.S.C. Sections

101 et seq. and the trademark laws of the United States, 15 U.S.C. Sections 1051 et seq.

2.      Jurisdiction is conferred on this Court by 28 U.S.C. Section 1338(a) and (b), and under the trademark laws of the United States, 15 U.S.C. Section 1121 et seq.

3.      On information and belief, defendant E&B, through its officers, agents and/or employees, transacts or are doing business in this District, including soliciting business in, shipping goods into this district and derives substantial revenue from intrastate and interstate commerce which has an effect in this district.  Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391.

4.      On information and belief, defendant Walmart Stores, through its officers, agents and/or employees, transacts or are doing business in this District, including soliciting business in, shipping goods into this district and derives substantial revenue from intrastate and interstate commerce which has an effect in this district.  Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391.

5.      On information and belief, defendant Walmart.com, through its officers, agents and/or employees, transacts or are doing business in this District, including soliciting business in, shipping goods into this district and derives substantial revenue from intrastate and interstate commerce which has an effect in this district.  Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391.

6.      On information and belief, defendant Walmart USA, through its officers, agents and/or employees, transacts or are doing business in this District, including soliciting business in, shipping goods into this district and derives substantial revenue from intrastate and interstate commerce which has an effect in this district.  Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391.

7.      On information and belief, defendant ABC Companies 1-10, through its officers, agents and/or employees, transacts or are doing business in this District, including soliciting business in, shipping goods into this district and derives substantial revenue from intrastate and interstate commerce which has an effect in this district.  Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391.

8.      On information and belief, defendant John Does A-G, transact or are doing business in this District, including soliciting business in, shipping goods into this district and derives substantial revenue from intrastate and interstate commerce which has an effect in this district.  Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391.

## THE PARTIES

9.      Plaintiff Atomic is a limited liability company organized and existing under the laws of the State of Connecticut, with an office and place of business at 480 Barnum Ave, 4th floor, Bridgeport, Connecticut 06608.

10.      On information and belief, defendant E&B is a limited liability company organized and existing under the laws of the State of Delaware with a place of business at 4 Executive Plaza, Yonkers, New York, 10701 and is engaged in the business of selling, marketing and distributing various products, including pet products and/or accessories.

11.      On information and belief, defendant Wal-mart Stores is a corporation organized and existing under the laws of the State of Delaware with a place of business at 702 SW Eight street, Bentonville, Arizona 72716 and is engaged in the business of selling, marketing and distributing various products, including pet products and/or accessories.

12.      On information and belief, defendant Wal-mart USA is a limited liability company organized and existing under the laws of the State of California with a place of

business at 7000 Marina Blvd., Brisbane, California 94005 and is engaged in the business of selling, marketing and distributing various products, including pet products and/or accessories.

13.     On information and belief, ABC Companies 1-10 are unnamed entities whose identities are unknown to Plaintiff and who are engaged in the business of manufacturing, importing, distributing, offering for sale and/or selling or causing to be manufactured, imported, distributed, advertised, offered for sale or sold, goods which infringe upon Plaintiff's U.S. Letters Patent No. D535,790 entitled "Animal Leash" (as described below) and reside and/or conduct business within this district.

14.     On information and belief, John Does A-G are unnamed individuals whose identities are unknown to Plaintiff and who are engaged in the business of manufacturing, importing, distributing, offering for sale and/or selling or causing to be manufactured, imported, distributed, advertised, offered for sale or sold, goods which infringe upon Plaintiff's U.S. Letters Patent No. D535,790 entitled "Animal Leash" (as described below) and reside and/or conduct business within this district.  John Does A-G may be a director, officer, member or manager of any Defendant.


<u>COUNT I</u>
<u>Patent Infringement of U.S. Patent No. Des. 535,790</u>

15.     Atomic is the owner of all right, title and interest in and to U.S. Letters Patent No. D535,790 entitled "Animal Leash" which issued on January 23, 2007 (hereinafter the "'790 patent" or "patent in suit"), a copy of which is annexed hereto as Exhibit A.  The '790 patent discloses, *inter alia*, a leash with a distinctive shape and configuration.

16.     On information and belief, E&B has infringed the patent in suit, in this district and elsewhere, by making, using and selling and inducing others to use and sell leashes

embodying the patented design and which is within the scope of the claim of the '790 patent.  A true photograph of Defendant's product, showing the infringing design is annexed hereto as Exhibit B.

17.     E&B's product shown in Exhibit B infringes the '790 patent by having substantially similar shape of the leash as disclosed in the '790 patent.

18.     On information and belief, the Walmart Parties have infringed the patent in suit, in this district and elsewhere, by making, using and selling and inducing others to use and sell leashes embodying the patented design and which is within the scope of the claim of the '790 patent.  A true copy of an excerpt from Walmart's website, showing the infringing design is annexed hereto as Exhibit C.

19.     Walmart Parties' product shown in Exhibit C infringes the '790 patent by having substantially similar shape of the leash as disclosed in the '790 patent.

20.     On information and belief, Defendants have infringed the patent in suit, in this district and elsewhere, by making, using and selling and inducing others to use and sell leashes embodying the patented design and which is within the scope of the claim of the '790 patent.

21.     On information and belief, Defendants' infringement has been with notice and knowledge of the patent in suit and is willful and wanton.

22.     On information and belief, Walmart Parties' product, shown in Exhibit C is purchased from E&B.

23.     By reason of the infringement by Defendants, Atomic has suffered damages in an amount to be ascertained upon an accounting.

24.     By reason of the infringement by Defendants, Atomic has suffered irreparable harm for which there is no adequate remedy at law and will continue to suffer additional

irreparable harm unless Defendants are permanently and perpetually enjoined from continuing their infringement.

## COUNT II
## False Designation of Origin

25.     Atomic repeats and re-alleges the allegations set forth in paragraphs 1 through 24 as if fully set forth herein.

26.     This count arises under the trademark laws of the United States, 15 U.S.C. Section 1051 et seq., and specifically, under Section 1125(a) for false designations of origin in commerce.

27.     Atomic has been for years in the business of designing, marketing and distributing various unique pet products and/or accessories which are marketed throughout the United States. Atomic's pet products and/or accessories are of the highest quality, in both workmanship and design, and are so regarded by the public.

28.     In or about 2004-2005, Allan Curtis created, originated and designed a unique and original pet leash design, subsequently assigned to and marketed by Atomic as the Atomic Pet Dog Leash and then as Visiglo Glowing Safety Leash (the "Visiglo Leash").  Attached hereto as Exhibit D is a true photograph of Plaintiff's Visiglo Leash showing the unique design.

29.     Atomic has all right, title and interest in and to said Visiglo Leash design and the right to exploit said design.

30.     Since prior to the acts of Defendants herein alleged, Atomic has continuously marketed its Visiglo Leash in interstate and intrastate commerce to and throughout the United States.

31.     Atomic has expended great effort and large sums of money in developing, promoting and advertising its Visiglo Leash.

32.     On information and belief, as a result of Atomic's expenditure of money and skill in the development and promotion of its Visiglo Leash, Atomic's Visiglo Leash design has acquired a substantial market value.

33.     On information and belief, as a result of Atomic's expenditure of money and skill in the development and promotion of its Visiglo Leash, Atomic's Visiglo Leash design has become well known as identifying Atomic as the source of the Visiglo Leash.

34.     On information and belief, Defendants have copied Atomic's Visiglo Leash design so that Defendants' design embodied in their leashes is very similar to Atomic's Visiglo Leash design.

35.     On information and belief, Defendants, by the aforementioned acts, has taken advantage of Atomic's knowledge, creative skill and expenditure of time, effort and money and have capitalized upon the market created by Atomic for its unique Visiglo Leash design.

36.     The aforesaid acts by Defendants in manufacturing or causing to be manufactured, selling and marketing leashes having designs confusingly similar to Atomic's Visiglo Leash design was all done without authority or license from Atomic.  On information and belief, the aforementioned acts by Defendants were committed knowingly, willfully and with the intent of depriving Atomic of the commercial benefit of its original design.

37.     The aforesaid acts of Defendants in manufacturing, causing to be manufactured, printing, selling and offering for sale leashes embodying a design copied from Atomic's Visiglo Leash design is likely to create confusion in the trade in that Defendants' leashes as depicted in Exhibits B and C will likely be confused as originating with Atomic, as being sponsored by Atomic, or as being endorsed by Atomic, which constitute a false representation and false

designation of origin, in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. Section 1125(a).

38.     Defendants' activities have caused, and if allowed to continue, will continue to cause loss of sales to Atomic and divert customers to Defendants, all to Atomic's damage in an as yet to be ascertained amount.  On information and belief, Defendants' activities have resulted in substantial profits for Defendants to which they are not entitled.

39.     On information and belief, the difference in the selling price of leashes embodying a design copied from Atomic's Visiglo Leash design and Atomic's Visiglo Leash design is affecting Plaintiff's customers and reputation in the marketplace.

40.     By reason of Defendants' acts of false representation and false designation of origin, Atomic has sustained and will continue to sustain serious and irreparable injury to its reputation and a loss of sales and profits which Atomic would have made but for said acts of Defendants.  On information and belief, Defendants' acts are deliberate and willful and, unless the Court enjoins Defendants from further commission of said acts, there is a substantial possibility and threat of continued or additional false representation and false designation of origin by Defendants for which Atomic is without an adequate remedy at law.

41.     Defendants have been unjustly enriched and Atomic is entitled to an accounting of the profits of Defendants.  Defendants' foregoing activities have damaged Atomic in an amount yet unknown.

## COUNT III
## Federal Unfair Competition

42.     Atomic repeats and re-alleges the allegations set forth in paragraphs 1 through 41 as if fully set forth herein.

43.     This cause of action arises under the trademark laws of the United States, Section 43(a) of the Trademark Act, 15 U.S.C. 1125(a).

44.     The foregoing activities of Defendants constitute unfair competition in passing off their leashes as those of Atomic.

45.     By reason of Defendants' acts of passing off their leashes as Atomic's Visiglo Leashes, Atomic has sustained and will continue to sustain serious and irreparable injury to its reputation and a loss of sales and profits which Atomic would have made but for said acts of Defendants.  On information and belief, Defendants' acts are deliberate and willful and, unless the Court enjoins Defendants from further commission of said acts, there is a substantial possibility and threat of their continued or additional passing off of Atomic's Visiglo Leash for which Atomic is without an adequate remedy at law.

46.     Defendants have been unjustly enriched and Atomic is entitled to an accounting of the profits Defendants.  Defendants' foregoing activities have damaged Atomic in an amount yet unknown.

## IV.     CLAIM FOR TORTIOUS INTERFERENCE
## WITH ACTUAL AND PROSPECTIVE BUSINESS RELATIONSHIPS

47.     Atomic repeats and re-alleges the allegations set forth in paragraphs 1 through 43 as if fully set forth herein.

48.     Plaintiff Atomic has entered into at least one contractual arrangement with its vendor to sell its Visiglo Leash, which was economically beneficial to Atomic.

49.     This arrangement created on-going relationships between Atomic and its vendor, and provided Atomic with the prospect of probability of future economic advantage and/or benefit in the form of the foreseeable future contractual arrangements between Atomic and other vendors to continue selling its Visiglo Leash.

50.     Defendants have engaged and continue to engage in a campaign of willful and knowing violations of Plaintiff's patented design by, directly or indirectly, selling and/or distributing pet leashes which infringe on Atomic's patented design.

51.     Defendants were aware or should have been aware of Plaintiff's contractual relationships with its vendor and of Plaintiff's prospect of entering into future contractual arrangements with other vendors.

52.     The foregoing activities of Defendants constitute tortiuous interference with actual and prospective business relationships between Atomic and its vendors.

53.     By reason of Defendants' acts, Atomic has sustained and will continue to sustain serious and irreparable injury to its business relationships and a loss of expected sales and profits which Atomic would have made but for said acts of Defendants.  On information and belief, Defendants' acts are deliberate and willful and, unless the Court enjoins said Defendants from further commission of said acts, there is a substantial possibility and threat of continued or additional interference of Atomic's business relationships for which Atomic is without an adequate remedy at law.

54.     Defendants have been unjustly enriched and Atomic is entitled to an accounting of the profits of Defendants.  The foregoing activities of Defendants have damaged Atomic in an amount yet unknown.

WHEREFORE, Atomic prays for judgment as follows:

A.      Finding the patent in suit valid and infringed by each Defendant;

B.      Preliminarily and permanently enjoining each Defendant, its employees, officers, directors, agents, servants and all others in privity with it from infringing the patent in suit as provided for in 35 U.S.C. Section 283;

C.      Preliminarily and permanently enjoining each Defendant, its employees, officers, directors, agents, servants and all others in privity with them from interfering with Atomic's business relationships, unfairly competing with Atomic and passing off of Atomic's Visiglo Leash in any manner and from reproducing and causing, contributing to or participating in, the unauthorized reproduction and distribution to the public by sale or other transfer, unauthorized reproductions of leashes incorporating the design of Atomic's Visiglo Leash;

D.      Ordering an accounting of all of each Defendant's profits and Atomic's damages sustained as a consequence of patent infringement, interference with Atomic's business relationships, unfair competition and false designation of origin, and increasing the damages awarded to Atomic to three times the amount found by reason Defendants' willful continuing patent infringement, unfair competition and false designation of origin, as provided for in 35 U.S.C. Section 284 and 15 U.S.C. Section 1117, respectively;

E.      Requiring each Defendant to deliver up to be impounded during the pendency of this action, all infringing copies of Atomic's Visiglo Leash in their possession or under their control, and to withdraw all materials, including advertising and promotional materials, carton and container and, thereafter, to deliver up for destruction all such copies as well as molds and any other material for making such design;

F.      Awarding Atomic its costs;

G.    Declaring this case exceptional by reason of each Defendant's willful infringement and awarding Atomic its attorney's fees incurred in prosecuting this action as provided for in 35 U.S.C. Section 285 and 15 U.S.C. Section 1117;

H.    Granting Atomic such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Trial by jury is hereby demanded as to all issues in this action so triable.

Dated:        May 27, 2008
              New York, New York

                        s/ Gloria Tsui-Yip
                        HOWARD C. MISKIN (HM7038)
                        GLORIA TSUI-YIP (GT9377)
                        WENDI E. OPPER (WO4547)
                        Miskin & Tsui-Yip LLP
                        1350 Broadway, Suite 802
                        New York, New York 10018
                        (T) (212) 268-0900
                        (F) (212) 268-0904
                        gloria@mt-iplaw.com

# EXHIBIT A

US00D535790S

(12) **United States Design Patent** (10) Patent No.: **US D535,790 S**

Curtis (45) Date of Patent: ** **Jan. 23, 2007**

(54) **ANIMAL LEASH**

(76) Inventor: **Allan Curtis**, 480 Barnum Ave., Suite 6, Bridgeport, CT (US) 06608

(**) Term: **14 Years**

(21) Appl. No.: **29/245,963**

(22) Filed: **Dec. 30, 2005**

**Related U.S. Application Data**

(62) Division of application No. 29/216,667, filed on Nov. 5, 2004, now Pat. No. Des. 516,756.

(51) **LOC (8) Cl.** .................................................. **30-04**
(52) **U.S. Cl.** .................................................... **D30/153**
(58) **Field of Classification Search** .......... 119/792–98, 119/758, 760, 769–70, 712, 784, 802, 856, 119/857, 863, 865; D30/151–54; 54/71; D3/271.2
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| 4,537,155 | A | * | 8/1985 | Buratovich | ................. 119/797 |
| 5,005,527 | A | * | 4/1991 | Hatfield | .................... 119/793 |
| RE34,351 | E | * | 8/1993 | Lacey | ....................... 119/776 |
| 5,456,214 | A | * | 10/1995 | Quilling | .................... 119/795 |
| 5,474,033 | A | * | 12/1995 | Mitchell, Jr. | ............. 119/860 |
| 5,727,500 | A | * | 3/1998 | Conboy | .................... 119/174 |
| 5,950,571 | A | * | 9/1999 | Schade | ...................... 119/859 |
| D481,867 | S | * | 11/2003 | Hotz | ........................ D3/271.2 |
| 2002/0035968 | A1 | * | 3/2002 | Prusia et al. | ............... 119/792 |

* cited by examiner

*Primary Examiner*—Alan P. Douglas
*Assistant Examiner*—Susan Moon Lee
(74) *Attorney, Agent, or Firm*—Howard C. Miskin, Esq.; Gloria Tsui-Yip, Esq.

(57) **CLAIM**

I claim the ornamental design for an animal leash, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of my new animal leash design;
FIG. **2** is a right side view thereof, the left side view being a mirror image; and,
FIG. **3** is a front elevational view thereof, the rear elevational view being identical.
The broken line showing of a buckle is for illustrative purposes only and forms no part of the claimed design.

**1 Claim, 3 Drawing Sheets**





FIG. 1



FIG. 2

Case 1:08-cv-04917-PAC    Document 1    Filed 05/28/2008    Page 17 of 23



FIG. 3

**EXHIBIT B**



# EXHIBIT C



Free shipping with 

Sign in or create a new account.

Cart | My Account | Track Order | Help

Registry  Wish List  Gift Cards

Search    Pets                    for [                    ]  FIND        See all departments

You are here: Home Page > Pets > Dogs > Collars & Leashes

## Light Up Pet Leash

★★★★ (2 Customer Ratings)

Read reviews or write a review

**$16.97**



### Buy Online

**In Stock**

**ADD TO CART ▸**

Add to: ▸ Wish List   ▸ Registry

**Delivery Options:**
-  - Free shipping to store.
- Ship to home - Learn More

### Find in Stores

IN LIMITED STORES

Enter ZIP Code: [07070]  **FIND IN STORE ▸**  Learn More




⊕ Zoom in

**Information below:**
- Features & Specifications
- May We Also Suggest
- Gifting Options
- Payment Options
- Shipping & Delivery

**May We Also Suggest**



Retractable Safety Leash With Flashlight and Radio
★★★★★
**$19.97**

Battery Operated Pet Massager
★★★★★
**$9.97**

## Features & Specifications

This illuminated pet leash has nine red LEDs to alert motorists and cyclists of your presence up to 100 feet/30 meters away. Features flashing and 'always on' LED modes ideal for dawn, dusk, dark, fog or rain.

**Product Details:**

- Made from rugged woven polypropylene with rain/snow-resistant PVC light casing
- Measures 6-feet long and features a sturdy, nickel-plated collar clip
- For dogs up to 50 lbs.
- 2 'AAA' batteries (not incl.)
- Model #PS2540BK

| | |
|---|---|
| Shipping Weight (in pounds): | 1.0 |
| Product in Inches (L x W x H): | 0.06 x 1.0 x 73.5 |
| Assembled in Country of Origin: | USA and/or Imported |
| Origin of Components: | USA and/or Imported |
| Wal-Mart No.: | 000891067 |

Top of Page

**EXHIBIT D**

