Gerard F. Dunne (GD 3323)
Law Office of Gerard F. Dunne, P.C.
156 Fifth Avenue, Suite 1223
New York, NY 10010
Telephone: 212-645-2410
Facsimile: 212-645-2435
Email: jerry.dunne@dunnelaw.net
Attorney for Defendants E&B Giftware, LLC.
Wal-Mart Stores, Inc., and Wal-Mart.com USA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X
ATOMIC PRODUCTS, LLC                          :
                 Plaintiff          :
                       :
                       :
   - against -                              :
                       :
                       :
E&B GIFTWARE, LLC, et al.                      :
                       :
            Defendants            :
-----------------------------------------------------X

ECF CASE

Civil Action No.
08 CV 04917 (PAC) (RLE)

## ANSWER TO COMPLAINT

      The Defendants Wal-Mart Stores, Inc. ("Wal-Mart Stores") and Wal-Mart.com

USA, LLC ("Wal-Mart USA") (hereinafter collectively the "Wal-Mart parties") and E&B

Giftware, LLC. (hereinafter "E&B"), hereby reply to the Complaint in the action

identified above, with the numbered paragraphs below corresponding to the numbered

paragraphs of the Complaint.

## JURISDICTION AND VENUE

      1. Admitted as to Counts I, II, III and denied as to Count IV.

      2. Defendants admit jurisdiction of this Court for Counts I, II and III; and deny

jurisdiction for the Count IV.

      3. Defendant E&B admits it is doing business in this district and admits venue is

1

proper; and denies the remaining allegations of this paragraph.

4. Defendant Wal-Mart Stores admits it is doing business in this district and admits venue is proper; and denies the remaining allegations of this paragraph.

5. The defendant "Walmart.com" is not a party named in the complaint. Accordingly, the Defendants, E&B and the Wal-Mart parties are without sufficient information to either admit or deny the allegations of this paragraph, and, therefore, deny same.

6. The defendant "Walmart USA is not a party named in the complaint. Accordingly, the Defendants, E&B and the Wal-Mart parties are without sufficient information to either admit or deny the allegations of this paragraph, and, therefore, deny same.

7. The Defendants E&B and the Wal-Mart parties are without sufficient information to either admit or deny the allegations of this paragraph, and, therefore, deny same.

8. The Defendants E&B and the Wal-Mart parties are without sufficient information to either admit or deny the allegations of this paragraph, and, therefore, deny same.

## THE PARTIES

9. The Defendants E&B and the Wal-Mart parties are without sufficient information to either admit or deny the allegations of this paragraph, and, therefore, deny same.

10. Admitted.

11. The Defendants E&B and the Wal-Mart parties admit that Wal-Mart Stores, Inc. is a Delaware corporation with a place of business at 702 S.W. Eight Street,

2

Bentonville, Arkansas, 72716. The Defendants further admit that Wal-Mart Stores, Inc.
is in the business of selling various products, including pet products and accessories. The
Defendants the remaining allegations of this paragraph.

12. The Defendants E&B and the Wal-Mart parties are without sufficient
information to either admit or deny the allegations of this paragraph, and, therefore, deny
same.

13. The Defendants E&B and the Wal-Mart parties are without sufficient
information to either admit or deny the allegations of this paragraph, and, therefore, deny
same.

14. The Defendants E&B and the Wal-Mart parties are without sufficient
information to either admit or deny the allegations of this paragraph, and, therefore, deny
same.

**COUNT I**
**Patent Infringement of US Patent No. Des. 535,790**

15. The Defendants E&B and the Wal-Mart parties admit that Exhibit A to the
complaint is a copy of the patent in suit, U.S. Letters Patent No. D535,790 ("the '790
patent"). The Defendants E&B and the Wal-Mart parties are without sufficient
information to either admit or deny the remaining allegations of this paragraph, and,
therefore, deny same.

16. The Defendant Wal-Mart parties are without sufficient information to either
admit or deny the allegations of this paragraph, and, therefore, deny same. The
Defendant E&B is without sufficient information to either admit or deny that Exhibit B is
a true photograph of Defendant's product, and deny the remaining allegations of this
paragraph.

17. Denied.

3

18. The Defendant E&B is without sufficient information to either admit or deny the allegations of this paragraph, and, therefore, deny same. The Defendant Wal-Mart parties admit Exhibit C is an excerpt of a website of Wal-Mart.com USA, LLC, and deny the remaining allegations of this paragraph.

19. Denied.

20. Denied.

21. Denied.

22. The Defendants E&B and the Wal-Mart parties admit that Wal-Mart.com USA, LLC, purchased the product shown in Exhibit C from E&B, and deny the remaining allegations of this paragraph.

23. Denied.

24. Denied.

**COUNT II**
**False Designation of Origin**

25. The Defendants E&B and the Wal-Mart parties respond in the same manner they responded to paragraphs 1 through 24.

26. Admitted.

27. The Defendants E&B and the Wal-Mart parties are without sufficient information to either admit or deny the allegations of this paragraph, and, therefore, deny same.

28. The Defendant E&B denies that Allan Curtis created, originated or designed a unique and original pet leash design and are without sufficient information to either admit or deny the remaining allegations of this paragraph, and, therefore, deny same. The Wal-Mart parties are without sufficient information to either admit or deny the allegations of this paragraph, and, therefore, deny same.

4

29. The Defendants E&B and the Wal-Mart parties are without sufficient information to either admit or deny the allegations of this paragraph, and, therefore, deny same.

30. The Defendants E&B and the Wal-Mart parties are without sufficient information to either admit or deny the allegations of this paragraph, and, therefore, deny same.

31. The Defendants E&B and the Wal-Mart parties are without sufficient information to either admit or deny the allegations of this paragraph, and, therefore, deny same.

32. The Defendants E&B and the Wal-Mart parties are without sufficient information to either admit or deny the allegations of this paragraph, and, therefore, deny same.

33. The Defendants E&B and the Wal-Mart parties are without sufficient information to either admit or deny the allegations of this paragraph, and, therefore, deny same.

34. The Defendant E&B denies the allegations of this paragraph. The Wal-Mart parties are without sufficient information to either admit or deny the allegations of this paragraph, and, therefore, deny same.

35. The Defendant E&B denies the allegations of this paragraph. The Wal-Mart parties are without sufficient information to either admit or deny the allegations of this paragraph, and, therefore, deny same.

36. The Defendant E&B admits it has have no license or authority from Atomic, and deny any such license or authority is necessary, and deny the remaining allegations of this paragraph. The Wal-Mart parties are without sufficient information to either admit or

deny the allegations of this paragraph, and, therefore, deny same.

37. Denied.

38. Denied.

39. The Defendants E&B and the Wal-Mart parties are without sufficient information to either admit or deny the allegations of this paragraph, and, therefore, deny same.

40. Denied.

41. Denied

## COUNT III
## Federal Unfair Competition

42. The Defendants, E&B and the Wal-Mart parties respond in the same manner they responded to paragraphs 1 through 41.

43. Admitted.

44. The Defendant E&B denies the allegations of this paragraph. The Wal-Mart parties are without sufficient information to either admit or deny the allegations of this paragraph, and, therefore, deny same.

45. Denied.

46. Denied.

## COUNT IV
## Claim For Tortious Interference
## With Actual and Prospective Business Relationships

47. The Defendants, E&B and the Wal-Mart parties respond in the same manner they responded to paragraphs 1 through 43.

48. The Defendants, E&B and the Wal-Mart parties are without sufficient information to either admit or deny the allegations of this paragraph, and, therefore, deny

same.

49. The Defendants, E&B and the Wal-Mart parties are without sufficient information to either admit or deny the allegations of this paragraph, and, therefore, deny same.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

### First Affirmative Defense

55. The Complaint fails to state any claim upon which relief may be granted.

### Second Affirmative Defense

56. Upon information and belief, the Plaintiff has failed to provide the proper notice of the patents involved in this litigation on products sold by or under the authority of the patent owner as required by 35 U.S.C. § 287 and, therefore, the claims for damages for patent infringement prior to actual notice of the patent are barred.

### Third Affirmative Defense

57. The patent claim asserted against the Defendants is, upon information and belief, invalid for failure to comply with one or more of the provisions of Title 35, U.S.C. §§ 101, 102, 103 and 112.

### Fourth Affirmative Defense

58. The patent asserted by the Plaintiff in this action has been misused by the Plaintiff by seeking to restrain competition unduly and to collect unjustified payments by

asserting the patent in this action.

### Fifth Affirmative Defense

59. Upon information and belief, the accused product of E&B identified in Exhibit B of the complaint does not infringe the asserted '790 patent inasmuch as the common features of design between the accused product and the design of the '790 patent are part of the prior art to the patent.

### Sixth Affirmative Defense Asserted by Defendant E&B

60. Upon information and belief, the Defendant E&B asserts the patent in this action has been obtained by withholding critical information from the United States Patent and Trademark Office, and the patent was thus obtained by inequitable conduct rendering it unenforceable.

61. Upon information and belief Excellent Glow Mfg. Co., a Chinese producer of LED products, is the owner of all right title and interest to Chinese patent, CN 2691252, attached herewith as Exhibit 1, and the developer of a lighted dog leash.

62. Upon information and belief, on or around 2004 and well before the filing of the '790 patent in suit, Atomic sought to buy from Excellent Glow Mfg. Co. its lighted dog leash.

63. Upon information and belief, prior to the filing of the '790 patent asserted by Atomic in this matter, and its prosecution through the United States patent and Trademark Office, Atomic was aware of the prior design embodied in CN 2691252, but failed to disclose the design embodied in CN 2691252 as existing prior art relevant to the design embodied in the '790 patent.

### Seventh Affirmative Defense

64. The accused product of the defendants is marketed prominently with full

identification of E&B as its source so as to preclude any likelihood of confusion due to similarities in the construction and features of the product of Atomic.

### Eight Affirmative Defense

65.  This Court lacks subject matter jurisdiction over Count IV.

### Ninth Affirmative Defense

66.  Count IV fails to state a claim upon which relief may be granted

### Tenth Affirmative Defense

67.  None of the actions of the Defendants were done so maliciously, wantonly or willfully in any other way warranting punitive or enhanced damages.

WHEREFORE, the Defendants E&B and the Wal-Mart parties request judgment against the plaintiff as follows:

A.    Judgment dismissing the Complaint with prejudice;

B.    For an award from this Court against Plaintiff and its counsel for reasonable attorneys' fees, costs, and disbursements for defending the unfounded charges of patent infringement as authorized by 35 U.S.C. § 285;

C.    For an award from this Court against Plaintiff and its counsel for the reasonable attorney's fees and expenses incurred for the defense of the this action as a result of the patent misuse of the plaintiff.

D.    For an award from this Court against Plaintiff and its counsel for the reasonable attorney's fees and expenses incurred for the defense of the this action as a result of the inequitable conduct before the United States Patent and Trademark Office in obtaining the patent in suit.

E.    For an award from this Court against Plaintiff for the reasonable

attorney's fees and expenses incurred by the Defendants E&B and the Wal-Mart parties

for the defense of the second, third and fourth counts as authorized by 15 U.S.C. §1117(b)

and General Business law §§ 349, 350 and 360-m.

        F.     Prejudgment interest on all attorneys' fees, costs and expenses

incurred for the defense of this action.

        G.  Such other relief as the Court deems just and proper.

July 14, 2008

Respectfully submitted,

Gerard F. Dunne
Attorney for Defendants Wal-Mart.com USA,
LLC, Wal-Mart Stores, Inc. and
E&B Giftware, LLC.
Law Office of Gerard F. Dunne, P.C.
156 Fifth Avenue, Suite 1223
New York, NY 10010
Telephone: 212-645-2410
Facsimile: 212-645-2435
Email: jerry.dunne@dunnelaw.net

EXHIBIT 1

[19] 中华人民共和国国家知识产权局

[51] Int. Cl⁷

A01K 27/00



[12] 实用新型专利说明书

[21] ZL 专利号 200420044892.7

[45] 授权公告日 2005 年 4 月 13 日

[11] 授权公告号 CN 2691252Y

[22] 申请日 2004.4.20
[21] 申请号 200420044892.7
[73] 专利权人 秦书雄
　　地址 523000 广东省东莞市赤岭教育路 7 号
[72] 设计人 秦书雄

[74] 专利代理机构 东莞市华南专利事务所有限公司

代理人 张 明

权利要求书 1 页 说明书 3 页 附图 2 页

[54] 实用新型名称 一种宠物带

[57] 摘要

本实用新型涉及宠物带领域，特别是涉及发光宠物带领域，具有警示作用同时增加美观性。 其技术方案为：宠物带包括一带体，于带体上固定有一发光条以及与发光条电连接的电源控制装置。所述的发光条为一条状冷光片，该发光条贴于带体的表面且其两侧缝合于带体上。 上述的发光条也可为如下结构：其包括一透光层，该透光层的一侧与带体缝合，其另一侧形成一凸起部，并且该凸起部中开设有通孔，冷光管位于通孔中。 本实用新型通过在宠物带上设置发光装置，使得其在使用时不仅具有夜间警示作用，并且此种宠物带所产生的美观绚丽光亮将更加衬托出宠物的可爱。



ISSN 1008-4274

权 利 要 求 书

1、 一种宠物带，包括一带体（1），其特征在于：于带体（1）上固定有一发光条（2）以及与发光条（2）电连接的电源控制装置（3）。

2、权利要求1所述的宠物带，其特征在于：所述的发光条（2）为一条状冷光片，该发光条（2）贴于带体（1）的表面且其两侧缝合于带体（1）上。

3、据权利要求1所述的宠物带，其特征在于：所述的发光条（2）包括一透光层（21），该透光层（21）的一侧与带体（1）缝合，其另一侧形成一凸起部（22），并且该凸起部（22）中开设有通孔（221），冷光管（23）位于通孔（221）中。

4、据权利要求2或3所述的宠物带，其特征在于：电源控制装置（3）固定于带体（1）的后部；发光条（2）一端延伸至带体（1）前端，其末端与电源控制装置（3）相连。

5、根据权利要求2或3所述的宠物带，其特征在于：带体（1）的前端连接有一卡扣（11），其末端有一环形套（12）。

一种宠物带

**技术领域：**

本实用新型涉及宠物带领域，特别是涉及发光宠物带领域，具有警示作用同时增加美观性。

**背景技术：**

传统的宠物带，是一种链子或者绳子，虽然结实但不美观，无任何的完全警示作用，尤其是在夜间带宠物外出时，在人多处常会因为没有警示，宠物受到踩踏，或者行人在没有思想准备的情况下受到惊吓，给自己、宠物和路人带来不便。若此时能够有一个具有警示功能的宠物带，则减少很多不必要的麻烦。

另，冷光片是在一介质膜上涂抹有导电发光涂层的材料，当此导电发光涂层接通电源时其将产生光亮，例如专利号为 02104025.7 的中国专利说明书中就公布了一种"超薄冷光晶体霓虹发光片"。由于冷光片具有发热量低、产品单薄等诸多优点，使得其被应用到许多产品中。

**发明内容：**

本实用新型的目的在于提供一种具有发光效果的宠物带，以保证其在夜间具有警示作用，同时此种美观绚丽的宠物带更加衬托出宠物的可爱。

本实用新型的技术方案为：宠物带包括一带体，于带体上固定有

一发光条以及与发光条电连接的电源控制装置。

所述的发光条为一条状冷光片,该发光条贴于带体的表面且其两侧缝合于带体上。

上述的发光条也可为如下结构:其包括一透光层,该透光层的一侧与带体缝合,其另一侧形成一凸起部,并且该凸起部中开设有通孔,冷光管位于通孔中。

本实用新型通过在宠物带上设置发光装置,使得其在使用时不仅具有夜间警示作用,并且此种宠物带所产生的美观绚丽光亮将更加衬托出宠物的可爱。

**附图说明:**

图 1 本实用新型第一较佳实施例立体图;

图 2 本实用新型第一较佳实施例之剖面图;

图 3 本实用新型第二较佳实施例之剖面图。

**具体实施方式:**

见附图 1,这是本实用新型的一实施例,其包括一带体 1,该带体通常可采用织物带或者皮带。于带体 1 上固定有一发光条 2 以及与发光条 2 电连接的电源控制装置 3。其中发光条 2 为一条状冷光片,该发光条 2 贴于带体 1 的表面且其两侧缝合于带体 1 上,即发光条 2 通过缝的方式固定于带体 1 上。见图 2 所示,在缝合时可将带体 1 的两侧边弯折以对发光条 2 的侧边形成包边的结构,再将发光条 2 的侧边缝合于所形成的包边内。而电源控制装置 3 为一内置电源与控制开关的盒体,该电源控制装置 3 固定于带体 1 的后部;发光条 2 一端

延伸至带体 1 前端，其末端与电源控制装置 3 相连，使用者通过操控电源控制装置 3 实现发光条 2 的点亮或熄灭。另外，带体 1 的前端连接有一卡扣 11，其末端有一环形套 12。卡扣 11 用于与宠物的项圈连接，而环形套 12 便于宠物主人牵握该宠物带。

见图 3，这是本实用新型的另一实施例，其结构大体与上述实施例相同，所不同的是，该发光条 2 包括一透光材料制作的透光层 21，如透明塑胶等。该透光层 21 的一侧与带体 1 缝合，其缝合方式可采用上述实施例的方式。该透光层 21 另一侧形成一凸起部 22，并且该凸起部 22 中开设有通孔 221，冷光管 23 位于通孔 221 中，这样冷光管 23 产生光亮后将透过透光层 21 照射出来，形成发光效果。电源控制装置 3 也固定于带体 1 的后部，并且其与发光条 2 中的冷光管 23 连接。

200420044892.7 　　　　　 说　明　书　附　图 　　　　　 第1/2页



图1

200420044892.7

说 明 书 附 图 第2/2页



图 2



图 3