HOWARD C. MISKIN (HM7038)
GLORIA TSUI-YIP (GT9377)
WENDI OPPER UZAR (WO4547)
Attorneys for Plaintiff
ATOMIC PRODUCTS, LLC
Miskin & Tsui-Yip LLP
1350 Broadway, Suite 802
New York, New York  10018
(212) 268-0900

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------X
ATOMIC PRODUCTS, LLC        :
        :
       Plaintiff,     :
        :    Civil Action No. 08 cv 04917 (PAC)(RLE)
   - against -     :            ECF CASE
        :
E&B GIFTWARE, LLC, WAL-MART  :
STORES INC., WAL-MART.COM USA, :
LLC, KMART CORPORATION,     :
BIG M, INC., THE BON-TON      :
STORES, INC., THE TJX COMPANIES, :
INC., MARSHALL'S OF MA, INC.,:
BOB'S STORES, CORP., FILENE'S   :
BASEMENT, INC., RETAIL VENTURES,:
INC.        :
        :
      Defendants.    :
---------------------------------------------------X

## SECOND AMENDED COMPLAINT

Plaintiff, Atomic Products, LLC (hereinafter "Atomic" or "Plaintiff") complains of the

defendant Wal-mart Stores Inc. (hereinafter "Wal-mart Stores"), Wal-mart.com USA, LLC

(hereinafter "Wal-mart USA") (collectively hereinafter "Walmart Parties"), E&B Giftware, LLC

(hereinafter "E&B"), Kmart Corporation, (hereinafter "Kmart"), Big M, Inc., (hereinafter "Big

M"), The Bon-Ton Stores, Inc., (hereinafter "Bon-Ton"), The TJX Companies, Inc. (hereinafter

"TJX"), Marshall's of MA, Inc. (hereinafter "Marshall's"), Bob's Stores, Corp., (hereinafter

"Bob's"), Filene's Basement, Inc., (hereinafter "Filene's"), and Retail Ventures, Inc. (hereinafter "RVI") (collectively hereinafter "Defendants") as follows:

## JURISDICTION AND VENUE

1.      This action arises under the patent laws of the United States, 35 U.S.C. Sections 101 et seq. and the trademark laws of the United States, 15 U.S.C. Sections 1051 et seq.

2.      Jurisdiction is conferred on this Court by 28 U.S.C. Section 1338(a) and (b), and under the trademark laws of the United States, 15 U.S.C. Section 1121 et seq.

3.      On information and belief, defendant E&B, through its officers, agents and/or employees, transacts or are doing business in this District, including soliciting business in, shipping goods into this district and derives substantial revenue from intrastate and interstate commerce which has an effect in this district.  Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391.

4.      On information and belief, defendant Wal-mart Stores, through its officers, agents and/or employees, transacts or are doing business in this District, including soliciting business in, shipping goods into this district and derives substantial revenue from intrastate and interstate commerce which has an effect in this district.  Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391.

5.      On information and belief, defendant Wal-mart USA, through its officers, agents and/or employees, transacts or are doing business in this District, including soliciting business in, shipping goods into this district and derives substantial revenue from intrastate and interstate commerce which has an effect in this district.  Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391.

6.     On information and belief, defendant Kmart, through its officers, agents and/or employees, transacts or are doing business in this District, including soliciting business in, shipping goods into this district and derives substantial revenue from intrastate and interstate commerce which has an effect in this district.  Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391.

7.     On information and belief, defendant Big M, through its officers, agents and/or employees, transacts or are doing business in this District, including soliciting business in, shipping goods into this district and derives substantial revenue from intrastate and interstate commerce which has an effect in this district.  Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391.

8.     On information and belief, defendant Bon-Ton, through its officers, agents and/or employees, transacts or are doing business in this District, including soliciting business in, shipping goods into this district and derives substantial revenue from intrastate and interstate commerce which has an effect in this district.  Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391.

9.     On information and belief, defendant TJX, through its officers, agents and/or employees, transacts or are doing business in this District, including soliciting business in, shipping goods into this district and derives substantial revenue from intrastate and interstate commerce which has an effect in this district.  Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391.

10.     On information and belief, defendant Marshall's, through its officers, agents and/or employees, transacts or are doing business in this District, including soliciting business in, shipping goods into this district and derives substantial revenue from intrastate and interstate

commerce which has an effect in this district.  Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391.

11.     On information and belief, defendant Bob's, through its officers, agents and/or employees, transacts or are doing business in this District, including soliciting business in, shipping goods into this district and derives substantial revenue from intrastate and interstate commerce which has an effect in this district.  Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391.

12.     On information and belief, defendant Filene's, through its officers, agents and/or employees, transacts or are doing business in this District, including soliciting business in, shipping goods into this district and derives substantial revenue from intrastate and interstate commerce which has an effect in this district.  Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391.

13.     On information and belief, defendant RVI, through its officers, agents and/or employees, transacts or are doing business in this District, including soliciting business in, shipping goods into this district and derives substantial revenue from intrastate and interstate commerce which has an effect in this district.  Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391.

## THE PARTIES

14.     Plaintiff Atomic is a limited liability company organized and existing under the laws of the State of Connecticut, with an office and place of business at 480 Barnum Ave, 4th floor, Bridgeport, Connecticut 06608.

15.     On information and belief, defendant E&B is a limited liability company organized and existing under the laws of the State of Delaware with a place of business at 4

Executive Plaza, Yonkers, New York, 10701 and is engaged in the business of selling, marketing and distributing various products, including pet products and/or accessories.

16.     On information and belief, defendant Wal-mart Stores is a corporation organized and existing under the laws of the State of Delaware with a place of business at 702 SW Eight Street, Bentonville, Arkansas 72716 and is engaged in the business of selling, marketing and distributing various products, including pet products and/or accessories.

17.     On information and belief, defendant Wal-mart USA is a limited liability company organized and existing under the laws of the State of California with a place of business at 7000 Marina Blvd., Brisbane, California 94005 and is engaged in the business of selling, marketing and distributing various products, including pet products and/or accessories.

18.     On information and belief, defendant Kmart, is a corporation organized and existing under the laws of the State of Michigan with a place of business at 3100 West Beaver Road, Troy, Michigan 48084 and is engaged in the business of selling, marketing and distributing various products, including pet products and/or accessories.

19.     On information and belief, defendant Big M, is a corporation organized and existing under the laws of the State of New Jersey with a place of business at 12 Vreeland Ave. Totowa, New Jersey 07515 and is engaged in the business of selling, marketing and distributing various products, including pet products and/or accessories.

20.     On information and belief, defendant Bon-Ton, is a corporation organized and existing under the laws of the State of Pennsylvania with a place of business at 2801 E. Market St., York, Pennsylvania 17402 and is engaged in the business of selling, marketing and distributing various products, including pet products and/or accessories.

21.     On information and belief, defendant TJX, is a corporation organized and existing under the laws of the State of Delaware with a place of business at 770 Cochituate Road, Framingham, MA 01701  and is engaged in the business of selling, marketing and distributing various products, including pet products and/or accessories.

22.     On information and belief, defendant Marshall's, is a corporation organized and existing under the laws of the State of Massachusetts with a place of business at 770 Cochituate Road, Framingham, MA 01701 and is engaged in the business of selling, marketing and distributing various products, including pet products and/or accessories.

23.     On information and belief, defendant Bob's, is a corporation organized and existing under the laws of the State of New Hampshire with a place of business at 770 Cochituate Road, Framingham, MA 01701 and is engaged in the business of selling, marketing and distributing various products, including pet products and/or accessories.

24.     On information and belief, defendant Filene's, is a corporation organized and existing under the laws of the State of Delaware with a place of business at 25 Corporate Dr # 400, Burlington, MA 01803 and is engaged in the business of selling, marketing and distributing various products, including pet products and/or accessories.

25.     On information and belief, defendant RVI, is a corporation organized and existing under the laws of the State of Ohio with a place of business at 4150 E. Fifth Ave., Columbus, Ohio, 43219 and is engaged in the business of selling, marketing and distributing various products, including pet products and/or accessories.


### COUNT I
### Patent Infringement of U.S. Patent No. Des. 535,790

26.    Atomic is the owner of all right, title and interest in and to U.S. Letters Patent No. D535,790 entitled "Animal Leash," which issued on January 23, 2007 (hereinafter the "'790 patent" or "patent in suit"), a copy of which is annexed hereto as Exhibit A.  The '790 patent discloses, *inter alia*, a leash with a distinctive shape and configuration.

27.    On information and belief, E&B has infringed the patent in suit, in this district and elsewhere, by making, using and selling and inducing others to use and sell leashes embodying the patented design and which is within the scope of the claim of the '790 patent.  A true photograph of Defendant's product, showing the infringing design is annexed hereto as Exhibit B.

28.    E&B's product shown in Exhibit B infringes the '790 patent by having substantially similar shape of the leash as disclosed in the '790 patent.

29.    On information and belief, the Walmart Parties have infringed the patent in suit, in this district and elsewhere, by making, using and selling and inducing others to use and sell leashes embodying the patented design and which is within the scope of the claim of the '790 patent.  A true copy of an excerpt from Wal-mart's website, showing the infringing design is annexed hereto as Exhibit C.

30.    Walmart Parties' product shown in Exhibit C infringes the '790 patent by having substantially similar shape of the leash as disclosed in the '790 patent.

31.    On information and belief, Defendants have infringed the patent in suit, in this district and elsewhere, by making, using and selling and inducing others to use and sell leashes embodying the patented design and which is within the scope of the claim of the '790 patent.

32.     On information and belief; Defendants' infringement has been with notice and knowledge of the patent in suit, is willful and wanton and continues even after notice of such infringement.

33.     On information and belief, Walmart Parties' product, shown in Exhibit C is purchased from E&B.

34.     By reason of the infringement by Defendants, Atomic has suffered damages in an amount to be ascertained upon an accounting.

35.     By reason of the infringement by Defendants, Atomic has suffered irreparable harm for which there is no adequate remedy at law and will continue to suffer additional irreparable harm unless Defendants are permanently and perpetually enjoined from continuing their infringement.

## COUNT II
## False Designation of Origin

36.     Atomic repeats and re-alleges the allegations set forth in paragraphs 1 through 35 as if fully set forth herein.

37.     This count arises under the trademark laws of the United States, 15 U.S.C. Section 1051 et seq., and specifically, under Section 1125(a) for false designations of origin in commerce.

38.     Atomic has been in the business of designing, marketing and distributing various unique products, many utilizing light effects, including pet products and/or accessories which are marketed throughout the United States.  Atomic's pet products and/or accessories are of the highest quality, in both workmanship and design, and are so regarded by the public.

39.     In or about 2002-2003, Allan Curtis worked on, created, originated and designed a unique and original pet leash design, subsequently assigned to and marketed by Atomic as the

Atomic Pet Dog Leash and then as Visiglo Glowing Safety Leash (the "Leash").  Attached
hereto as Exhibit D is a true photograph of Plaintiff's Leash showing the unique design.

40.     The Leash has an overall distinctive and non-functional configuration and
appearance consisting of many unique elements including a flat rectangular base with a
substantially central bulge portion running the length of the leash, the central bulge portion
having a selectively lighted strip therein, and a bone shaped power pack capable of holding and
controlling the power supply and the on and off switching element of the lighted strip.  The
combination of these features creates an overall appearance that is an inherently distinctive trade
dress.  (See Exhibit D).

41.     Atomic has all right, title and interest in and to said Leash design including its
unique elements and the right to exploit said design.

42.     Since prior to the acts of Defendants herein alleged, Atomic has continuously
marketed its Leash in interstate and intrastate commerce to and throughout the United States.

43.     Atomic has expended great effort and large sums of money in developing,
promoting and advertising its Leash, making it well known to the trade, to the purchasers and to
the consuming public to be associated with Atomic.

44.     On information and belief, as a result of Atomic's expenditure of money and skill
in the development and promotion of its Leash, Atomic's Leash design has acquired a substantial
market value.

45.     On information and belief, as a result of Atomic's expenditure of money and skill
in the development and promotion of its Leash, Atomic's Leash design has become well known
as identifying Atomic as the source of the Leash.

46.     On information and belief, Defendants have copied Atomic's Leash design so that Defendants' design embodied in their leashes, is very similar to Atomic's Leash design, having a size and configuration confusingly similar to Atomic's Leash, and having colors confusingly similar to those offered by Atomic.

47.     On information and belief, Defendants, by the aforementioned acts, has taken advantage of Atomic's knowledge, creative skill and expenditure of time, effort and money and have capitalized upon the market created by Atomic for its unique Leash design.

48.     The aforesaid acts by Defendants in manufacturing or causing to be manufactured, selling and marketing leashes having designs confusingly similar to Atomic's Leash design was all done without authority or license from Atomic.  On information and belief, the aforementioned acts by Defendants were committed knowingly, willfully and with the intent of depriving Atomic of the commercial benefit of its original design.

49.     The aforesaid acts of Defendants in manufacturing, causing to be manufactured, printing, selling and offering for sale leashes embodying a design copied from Atomic's Leash design is likely to create confusion in the trade in that Defendants' leashes as depicted in Exhibits B and C will likely be confused as originating with Atomic, as being sponsored by Atomic, or as being endorsed by Atomic, which constitute a false representation and false designation of origin, in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. Section 1125(a).  Plaintiff has no control over the quality of Defendants' products.

50.     Defendants' activities have caused, and if allowed to continue, will continue to cause loss of sales to Atomic and divert customers to Defendants, all to Atomic's damage in an as yet to be ascertained amount.  On information and belief, Defendants' activities have resulted in substantial profits for Defendants to which they are not entitled.

51.     On information and belief, the difference in the selling price of Defendants' leashes embodying a design copied from Atomic's Leash design and Atomic's Leash design is affecting Plaintiff's customers and reputation in the marketplace.

52.     By reason of Defendants' acts of false representation and false designation of origin, Atomic has sustained and will continue to sustain serious and irreparable injury to its reputation and a loss of sales and profits which Atomic would have made but for said acts of Defendants.  On information and belief, Defendants' acts are deliberate and willful and, unless the Court enjoins Defendants from further commission of said acts, there is a substantial possibility and threat of continued or additional false representation and false designation of origin by Defendants for which Atomic is without an adequate remedy at law.

53.     Defendants have been unjustly enriched and Atomic is entitled to an accounting of the profits of Defendants.  Defendants' foregoing activities have damaged Atomic in an amount yet unknown.

## COUNT III
## Federal Unfair Competition

54.     Atomic repeats and re-alleges the allegations set forth in paragraphs 1 through 53 as if fully set forth herein.

55.     This cause of action arises under the trademark laws of the United States, Section 43(a) of the Trademark Act, 15 U.S.C. 1125(a).

56.     On information and belief, Defendants have induced or is inducing Atomic's customers to order Defendants' infringing imitation leash instead of Atomic's Leash therefore allowing such customers to pass off Defendants' infringing leashes as Atomics leashes.

57.     The foregoing activities of Defendants constitute unfair competition in passing off their leashes as those of Atomic.

58.     By reason of Defendants' acts of passing off their leashes as Atomic's Leashes, Atomic has sustained and will continue to sustain serious and irreparable injury to its reputation and a loss of sales and profits which Atomic would have made but for said acts of Defendants. On information and belief, Defendants' acts are deliberate and willful and, unless the Court enjoins Defendants from further commission of said acts, there is a substantial possibility and threat of their continued or additional passing off of Atomic's Leash for which Atomic is without an adequate remedy at law.

59.     Defendants have been unjustly enriched and Atomic is entitled to an accounting of the profits Defendants.  Defendants' foregoing activities have damaged Atomic in an amount yet unknown.

WHEREFORE, Atomic prays for judgment as follows:

A.     Finding the patent in suit valid and infringed by each Defendant;

B.     Preliminarily and permanently enjoining  each Defendant, its employees, officers, directors, agents, servants and all others in privity with it from infringing the patent in suit as provided for in 35 U.S.C. Section 283;

C.     Preliminarily and permanently enjoining each Defendant, its employees, officers, directors, agents, servants and all others in privity with them from interfering with Atomic's business relationships, unfairly competing with Atomic and passing off of Atomic's Leash in any manner and from reproducing and causing, contributing to or participating in, the unauthorized reproduction and distribution to the public by sale or other transfer, unauthorized reproductions of leashes incorporating the design of Atomic's Leash;

D.     Ordering an accounting of all of each Defendant's profits and Atomic's damages sustained as a consequence of patent infringement, interference with Atomic's business

relationships, unfair competition and false designation of origin, and increasing the damages awarded to Atomic to three times the amount found by reason Defendants' willful continuing patent infringement, unfair competition and false designation of origin, as provided for in 35 U.S.C. Section 284 and 15 U.S.C. Section 1117, respectively;

E.     Requiring each Defendant to deliver up to be impounded during the pendency of this action, all infringing copies of Atomic's Leash in their possession or under their control, and to withdraw all materials, including advertising and promotional materials, including those published on the Internet, cartons and containers and, thereafter, to deliver up for destruction all such copies as well as molds and any other material for making such design;

F.     Awarding Atomic its costs;

G.     Declaring this case exceptional by reason of each Defendant's willful infringement and awarding Atomic its attorney's fees incurred in prosecuting this action as provided for in 35 U.S.C. Section 285 and 15 U.S.C. Section 1117;

H.     Granting Atomic such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Trial by jury is hereby demanded as to all issues in this action so triable.

Dated:     January 27, 2009
           New York, New York

*Howard C. Miskin*

HOWARD C. MISKIN (HM7038)
GLORIA TSUI-YIP (GT9377)
WENDI E. OPPER (WO4547)
Miskin & Tsui-Yip LLP
1350 Broadway, Suite 802
New York, New York  10018
(T) (212) 268-0900
(F) (212) 268-0904

# EXHIBIT A

Case 1:08-cv-04917-PAC   Document 1-11   Filed 05/29/2008   Page 15 of 24

US00D535790S

(12) **United States Design Patent** (10) Patent No.: **US D535,790 S**

Curtis (45) Date of Patent: ** **Jan. 23, 2007**

(54) **ANIMAL LEASH**

(76) Inventor: **Allan Curtis**, 480 Barnum Ave., Suite 6, Bridgeport, CT (US) 06608

(**) Term: **14 Years**

(21) Appl. No.: **29/245,963**

(22) Filed: **Dec. 30, 2005**

**Related U.S. Application Data**

(62) Division of application No. 29/216,667, filed on Nov. 5, 2004, now Pat. No. Des. 516,756.

(51) **LOC (8) Cl.** .................................................. **30-04**
(52) **U.S. Cl.** .................................................... **D30/153**
(58) **Field of Classification Search** .......... 119/792–98, 119/758, 760, 769–70, 712, 784, 802, 856, 119/857, 863, 865; D30/151–54; 54/71; D3/271.2
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| 4,537,155 | A | * | 8/1985 | Buratovich | ................. 119/797 |
| 5,005,527 | A | * | 4/1991 | Hatfield | ..................... 119/793 |
| RE34,351 | E | * | 8/1993 | Lacey | ........................ 119/776 |
| 5,456,214 | A | * | 10/1995 | Quilling | ..................... 119/795 |
| 5,474,033 | A | * | 12/1995 | Mitchell, Jr. | ............ 119/860 |
| 5,727,500 | A | * | 3/1998 | Conboy | .................. 119/174 |
| 5,950,571 | A | * | 9/1999 | Schade | ..................... 119/859 |
| D481,867 | S | * | 11/2003 | Hotz | ........................ D3/271.2 |
| 2002/0035968 | A1 | * | 3/2002 | Prusia et al. | ................ 119/792 |

* cited by examiner

*Primary Examiner*—Alan P. Douglas
*Assistant Examiner*—Susan Moon Lee
(74) *Attorney, Agent, or Firm*—Howard C. Miskin, Esq.; Gloria Tsui-Yip, Esq.

(57) **CLAIM**

I claim the ornamental design for an animal leash, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of my new animal leash design;
FIG. **2** is a right side view thereof, the left side view being a mirror image; and,
FIG. **3** is a front elevational view thereof, the rear elevational view being identical.
The broken line showing of a buckle is for illustrative purposes only and forms no part of the claimed design.

**1 Claim, 3 Drawing Sheets**





FIG. 1



FIG. 2

Case 1:08-cv-04917-PAC   Document 17   Filed 01/29/09   Page 18 of 24



FIG. 3

# EXHIBIT B



# EXHIBIT C

**WAL★MART**
Save money. Live better.™

Free shipping with
site to store

Sign in or create a new account.

🛒 Cart | My Account | Track Order | Help

Registry | Wish List | Gift Cards

Search | Pets  for [   ] FIND  See all departments

You are here: Home Page > Pets > Dogs > Collars & Leashes

# Light Up Pet Leash

⭐⭐⭐⭐ (2 Customer Ratings)

Read reviews or write a review



Zoom in

**$16.97**

### Buy Online

**In Stock**

**ADD TO CART ▶**

Add to: ▶ Wish List | ▶ Registry

**Delivery Options:**

- site to store - Free shipping to store.
- Ship to home - Learn More

### Find in Stores

IN LIMITED STORES

Enter ZIP Code: [07070] **FIND IN STORE ▶** Learn More

**Information below:**

- Features & Specifications
- May We Also Suggest
- Gifting Options
- Payment Options
- Shipping & Delivery

**May We Also Suggest**

 Retractable Safety Leash With Flashlight and Radio
⭐⭐⭐⭐⭐
**$19.97**

 Battery Operated Pet Massager
⭐⭐⭐⭐⭐
**$9.97**

## Features & Specifications

This illuminated pet leash has nine red LEDs to alert motorists and cyclists of your presence up to 100 feet/30 meters away. Features flashing and 'always on' LED modes ideal for dawn, dusk, dark, fog or rain.

**Product Details:**

- Made from rugged woven polypropylene with rain/snow-resistant PVC light casing
- Measures 6-feet long and features a sturdy, nickel-plated collar clip
- For dogs up to 50 lbs.
- 2 'AAA' batteries (not incl.)
- Model #PS2540BK

| | |
|---|---|
| Shipping Weight (in pounds): | 1.0 |
| Product in Inches (L x W x H): | 0.06 x 1.0 x 73.5 |
| Assembled in Country of Origin: | USA and/or Imported |
| Origin of Components: | USA and/or Imported |
| Wal-Mart No.: | 000891067 |

Top of Page

# EXHIBIT D

